UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CURTIS RICHARDSON,
    Plaintiff,

v.  06-3196

ROGER ZIMMERMAN, et al.,
    Defendants. )

Before the court are the plaintiff's summary judgment motion [66] and the defendants' response [73].

The plaintiff's summary judgment motions fails to comply with the requirements of Central District of Illinois Local Rule 7.1(D) and, instead, relies almost exclusively upon conclusory statements masked as undisputed material facts.  The plaintiff brings this 42 U.S.C. § 1983 lawsuit against current and former prison officials for the alleged violation of his right to exercise his religion under the First Amendment and alleged violations of equal protection of the law under the Fourteenth Amendment.

In his Undisputed Material Facts section, the plaintiff fails to list and number each material fact which is the basis for his motion for summary judgment. In fact, there are no facts contained under the heading of Undisputed Material Facts which bear directly on the legal issue raised by plaintiff's motion.  Instead, that section of Plaintiff's motion is comprised exclusively of conclusory statements regarding Defendants' liability for allegedly violating Plaintiff's constitutional rights and points of law that for the most part are confusing, incorrect, and/or inapplicable.  He attaches several exhibits to his summary judgment motion, but fails to point to any particular exhibit to support his "Undisputed Material Facts."  Courts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment stage to paw through the assembled discovery material.  'Judges are not like pigs, hunting for truffles buried in' the record." *Albrechtsen v. Bd. of Regents,* 2002 WL 31397690 (7th Cir. 2002), *quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Any motion for summary judgment not in compliance with the requirements of Central District of Illinois Local Rule 7.1(D) may be stricken by the court.   First, the plaintiff cannot simply rest on the unverified allegations of his pleadings.  See Fed.R.Civ.P. 56(e) ("[T]he adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth* specific facts showing that there is a genuine issue for trial.") (emphasis added); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' *designate* 'specific facts showing that there is a genuine issue for trial.'") (emphasis added).

United States District Court Local Rule 7.1(D provides that all motions for summary judgment and responses and replies thereto shall comply with the requirement of this rule. Any filing not in compliance may be stricken by the court. The consequences for failing to comply are discussed thoroughly in *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994). Here, the plaintiff did not come close to compliance with this rule.

It is therefore ordered:

1. Pursuant to USDC LR 7.1(D), the plaintiff's summary judgment motion [66] is hereby ordered stricken due to the plaintiff's failure to comply with the rules governing motions for summary judgment. The clerk of the court is directed to strike the plaintiff's summary judgment motion [66], forthwith.

2. The clerk of the court is directed to mail a copy of the L. R. 7.1(D) to the plaintiff, along with this order.

Enter this 18th day of January 2008.

s\**Harold A. Baker**
_____
Harold A. Baker
United States District Judge