UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

**Curtis Richardson,**

    **Plaintiff,**

    vs.                                                                06-3196

**Roger Zimmerman, et al.,**

    **Defendants.**

Plaintiffs bring this 42 U.S.C. § 1983 lawsuit against current and former prison officials for the alleged violation of Plaintiff's right to exercise his religion under the First Amendment and alleged violations of equal protection of the law under the Fourteenth Amendment. Plaintiff seeks relief in the form of compensatory and punitive damages, along with a permanent injunction. The plaintiff has filed several motions for appointment of counsel throughout this litigation and each has been denied. Plaintiff has filed yet another motion for appointment of counsel, which the court considers now [78].

In his first motion for appointment of counsel [2], the plaintiff states that had he contacted 4-5 firms, but only attached documentation that shows he had contacted two firms. In this motion, the plaintiff did not allege that he had any physical or mental disabilities that might preclude him from adequately investigating the facts giving rise to this complaint. For this reason, his motion was denied.

In his motion for reconsideration of his motion for appointment of counsel [34], the plaintiff claimed he was on medication, had a bi-polar disorder and claimed he was incapable of prosecuting this case. However, he provided no corroboration of this assertion from a treating physician. In that same motion, the plaintiff admitted he is not illiterate as he has a junior high and high school education. Further, although he claimed he had limited knowledge of the legal system, he admitted that he had demonstrated he is knowledgeable of Section 1983. It is not at all unusual for a pro se litigant to have a limited knowledge of the legal system, but that in itself does not mean, he is incapable of prosecuting his lawsuit. The plaintiff claims the factual and legal issues involved in this case are unusually complex. The court disagrees. Plaintiff's case is not particularly complex. He contends, generally, that the defendants denied and refused to provide correct amounts of food on plaintiff's vegan tray to sustain him in good health and in violation of his right to practice his religion and the defendants sometimes substituted certain food. Further, he contends that the defendants violated his rights to equal protection due to his race. Plaintiff's claim are colorable, however the case is not complex. Based on submission by this plaintiff, the court firmly believes this plaintiff is capable of litigating his claims himself.

In his motions for appointment of counsel [67] and [78], the plaintiff argues that if he had an attorney, the attorney could conduct deposition of defendants. Plaintiff says he cannot conduct deposition of defendants because he is indigent. In other words, if he had the funds, the plaintiff could conduct deposition, but since he does not have any funds, the court should appoint an attorney, so the attorney could pay the fees for depositions. The plaintiff also states that potential expert testimony may be needed in this case. These are not valid grounds for appointment of counsel. If these were the tests, district judges would be required to request counsel for every indigent litigant who wanted to conduct deposition in his litigation and who thought that there was a potential for expert testimony. The plaintiff also asserts that a trial would likely involve conflicting testimony and an attorney would "better enable plaintiff to present evidence and cross examine witnesses." Conflicting testimony is not unusual in any trial and is expected. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).[1]

Applying this framework, the court notes that in the plaintiff's motion for appointment of counsel [2], he claims he made several efforts on his own to obtain representation from various law firms and attorneys. The plaintiff provided only two refusal letters. So the court cannot say he made a reasonable attempts to find counsel on his own considering his position in prison. Lawyers who would take on a case, with as little economic reward as this one promises, are few and far between. Nevertheless, the court next considers whether plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted).

Upon review of Plaintiff's submissions in the record, the Court concludes that the

---

[1]Whether appointed counsel would make a difference in the outcome is a question for the Seventh Circuit on review, as *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) has clarified.

plaintiff is competent to litigate his own case. Plaintiff's claims in this case are an alleged violation of Plaintiff's right to exercise his religion under the First Amendment and alleged violations of equal protection of the law under the Fourteenth Amendment. The Court believes Plaintiff's filings demonstrate that he understands both the facts and law upon which his claims are based. This court is persuaded that the Plaintiff is able to coherently set forth his own testimony regarding the facts of this case and elicit appropriate testimony from the witnesses. In the court's opinion, the present record shows that the plaintiff has the ability to litigate his case without an attorney. His motion for appointment of counsel does not warrant a different conclusion.

      Based on the foregoing, the plaintiff's objections [83] are overruled and his motion for appointment of counsel [78] is denied.

Enter this 26th day of February 2008.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge