UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Curtis Richardson,**
   **Plaintiff,**

               vs.                                            06-3196

**Roger Zimmerman, et al.,**
   **Defendants.**

### Order

First, the plaintiff cannot simply rest on the unverified allegations of his pleadings. Second, the court is not required to look beyond evidence submitted in response to the motion for summary judgment. *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 355 n. 9 (7th Cir. 1992). The plaintiff's failure to point to exhibits attached to his response, rather than exhibits attached to his unverified complaint, not only leaves many of his facts outside the realm of relevant evidence on summary judgment, it also violates both Federal Rule of Civil Procedure 56(e) and United States District Court Local Rule 7.1(D). Furthermore, the plaintiff did not have leave of court to file a supplemental response.

See Fed.R.Civ.P. 56(e) ("[T]he adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth* specific facts showing that there is a genuine issue for trial.") (emphasis added); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' *designate* 'specific facts showing that there is a genuine issue for trial.'") (emphasis added).

United States District Court Local Rule 7.1(D) requires the plaintiff, as the nonmoving party, to list by number each fact from the defendants' Undisputed Material Facts of the summary judgment motion which is conceded to be undisputed and material. Further, the plaintiff must list by number each fact from defendants' undisputed material fact of the summary judgment motion which is claimed to be disputed. Each such claim of disputed fact *must* be supported by evidentiary documentation, referenced by specific page. The plaintiff must include as exhibits all cited documentary evidence not already submitted by the movant. Plaintiff must also list by number each fact from defendants' undisputed material facts of the summary judgment motion that is claimed to be immaterial (if any) and the reason for such claim. Finally, the plaintiff must list and number each additional material fact raised in opposition to summary judgment motion. Each additional fact must be supported by evidentiary documentation, referenced by specific page. The plaintiff must include as exhibits all relevant documentary evidence not already submitted by the movant.

Either rule violation could support summary judgment. *See* Fed.R.Civ.P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."). USDC Local Rule 7.1(D) (All motions for summary judgment and

responses and replies thereto shall comply with the requirement of this rule. Any filing not in compliance may be stricken by the court. The consequences for failing to comply are discussed thoroughly in *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994). The court will assume that the facts as claimed by the moving party are admitted to exist without controversy, except as and to the extent that such facts are actually in good faith controverted in the 'statement of genuine issues' filed in opposition to the motion, as supported by the depositions, answers to interrogatories, admissions, and affidavits on file.

As this plaintiff proceeds pro se, the court will allow the plaintiff another opportunity to file a response that complies with the above rules.

Based on the foregoing,

1. As the plaintiff's response is not in compliance with USDC LR 7.1(D), the clerk of the court is directed to strike the plaintiff's response [72], forthwith. Further, as the plaintiff did not have leave of court to file a supplemental response [77], the clerk of the court is directed to strike the plaintiff's supplemental response, forthwith.

2. The clerk of the court is directed to mail a copy of USDC L.R. 7.1(D) to the plaintiff, along with this order.

3. The plaintiff is allowed 14 days from the date of this order to file an amended response to the defendants' summary judgment [69] that complies with the Fed. R. Civ. Pro. Rule 56(e) and USDC LR 7.1(D). The plaintiff's amended response must stand complete and on its own. The plaintiff is forewarned that no extension of time will be allowed. The defendants may file a response within seven days after plaintiff files his amended response.

Enter this 27th   day of February 2008

s\Harold A. Baker
_____
Harold A. Baker
United States District Judge